UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Misc. Action No.: 26-MC-158-NYW-TPO

In Re Application of

UNION DES ASSOCIATIONS EUROPÉENNES DE FOOTBALL ("UEFA"),

To Obtain Discovery for Use in a Foreign Proceeding

---

**APPLICANT UNION DES ASSOCIATIONS EUROPÉENNES DE FOOTBALL'S OPPOSITION TO RESPONDENTS BANN VENTURES, INC. AND GREGORY B. MAFFEI'S MOTION TO DEFER RULING AND FOR A COORDINATED BRIEFING SCHEDULE [DKT NO. 23]**

---

Applicant Union des Associations Européennes de Football ("UEFA") respectfully submits this opposition to the motion of Respondents BANN Ventures, Inc. ("BANN") and Gregory B. Maffei ("Maffei") (together, "Respondents") to defer ruling on UEFA's *Ex Parte* Application pending resolution of a related proceeding in the Southern District of Florida, or alternatively to set a coordinated briefing schedule permitting Respondents to oppose the Application by September 30, 2026 (the "Motion"). As set forth below, UEFA opposes Respondents' request for a stay but does not oppose the entry of a briefing schedule, provided that all objections—both to the Application and to the scope of the Subpoenas—are consolidated in a single submission so as to avoid piecemeal litigation, facilitate an efficient process, and conserve the Court's and the parties' time and resources.

**BACKGROUND**

On August 27, 2026, UEFA filed an Application in this district seeking authorization under

28 U.S.C. § 1782 to serve subpoenas *duces tecum* and *ad testificandum* (the "Subpoenas") on Respondents. UEFA seeks this discovery for use in a contemplated Swiss criminal proceeding against Gianni Infantino, the President of FIFA, concerning his role in the FIFA Forward Enterprise proposal. Infantino—not Maffei, BANN, FIFA, or FIFA's U.S. subsidiaries—is the target of that anticipated proceeding. This Application is one of four § 1782 applications UEFA filed on August 27 and 28, 2026, in three federal district courts, each seeking discovery from U.S.-based targets for use in the same contemplated Swiss proceeding.

On September 1, 2026, FIFA (Americas), Inc. and FWC2026 US, Inc. (together, "FIFA U.S.") moved to intervene (Dkt. No. 15), asking the Court to defer ruling on UEFA's Application pending resolution of UEFA's § 1782 application filed in the Southern District of Florida directed at FIFA U.S. (the "FIFA U.S. Application"), or, alternatively, for leave to oppose the Application by September 30, 2026. UEFA filed its opposition on September 17, 2026. Dkt. No. 20 ("Opp. to Mot. to Intervene").

On September 18, 2026, Respondents filed the instant Motion (Dkt. No. 23) seeking the same relief as FIFA U.S.—deferral of ruling (or, rather, a stay of this matter) pending the Florida court's resolution of the FIFA U.S. Application or, alternatively, a coordinated briefing schedule permitting them to oppose the Application by September 30, 2026. Respondents' Motion also asks the Court to grant FIFA U.S.'s Motion to Intervene. UEFA's opposition to that request is addressed in full in UEFA's Opposition to the Motion to Intervene (Opp. to Mot. to Intervene at 5–15) and is not repeated here.

On September 21, 2026, UEFA received a favorable ruling in a parallel New York proceeding. There, UEFA filed a § 1782 application in the Southern District of New York seeking

discovery from J.P. Morgan Securities LLC, JPMorgan Chase Bank, N.A., Mary Callahan Erdoes, and Eric Menell (collectively, "JPMorgan") for use in the same contemplated Swiss proceeding against Infantino that is at issue here (the "JPMorgan Application"). On September 10, 2026, JPMorgan moved to defer ruling on the JPMorgan Application on the same grounds Respondents assert here—JPMorgan's deferral request is virtually identical to the one now before this Court. On September 21, 2026, the Honorable Jeannette A. Vargas denied that request in its entirety. *See* Order at 2, *In re Ex Parte Application of Union des Associations Européennes de Football*, No. 26-mc-00436 (JAV) (S.D.N.Y. Sept. 21, 2026), ECF No. 22 (attached as Exhibit A). The next day, Judge Vargas granted JPMorgan's request to file its Opposition to UEFA's JPMorgan Application by October 15, 2026 and permitted UEFA to file a reply by October 29, 2026. *See* Order at 1, *In re Ex Parte Application of Union des Associations Européennes de Football*, No. 26-mc-00436 (JAV) (S.D.N.Y. Sept. 22, 2026), ECF No. 24 (attached as Exhibit B).

## ARGUMENT

### I. RESPONDENTS HAVE NOT MET THE STANDARD FOR A STAY, AND A COURT HAS ALREADY REJECTED AN IDENTICAL REQUEST

Respondents' Motion should be denied because neither of the justifications they offer for a "deferral" withstands scrutiny, and another federal court considering a materially identical request has already reached that conclusion. As set forth below, a stay would yield no benefit to judicial economy or consistency while injecting precisely the kind of undue delay that § 1782 is designed to prevent.

To be clear, although styled as a request to "defer ruling," Respondents' Motion is, in substance, a request for a stay. Stays are "generally disfavored in this District." *Dillon Cos. LLC v. United Food & Com. Workers Int'l Union, Loc. No. 7, AFL-CIO*, No. 1:25-CV-00417-CNS-

SBP, 2025 WL 1765454, at *2 (D. Colo. June 26, 2025) (collecting cases); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Respondents bear the burden of overcoming that disfavor, and they have not done so. *See Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 423 F. Supp. 3d 1066, 1072 (D. Colo. 2019).

Respondents' contention that deferral (or, rather, a stay) would promote judicial economy and avoid inconsistent rulings does not withstand scrutiny. *See* Mot. at 13. As an initial matter, a stay serves no purpose here—the fact that a court in the Southern District of Florida will be considering the § 1782 requirements with respect to UEFA's FIFA U.S. Application, which is directed at entirely different parties, has little substantive bearing on this Court's consideration of an application directed to Respondents. *See In re B&C Holding GmbH*, No. 23-365-JWD-EWD, 2023 WL 8171733, at *9 (M.D. La. Nov. 24, 2023) (denying motion to stay § 1782 proceeding pending resolution of related § 1782 application in another court); *In re Orthogen Int'l GmbH*, No. 23-mc-80743, 2023 WL 6813223, at *11–12 (S.D. Fla. Oct. 16, 2023) (same), *aff'd*, No. 23-cv-80743, 2023 WL 8418969 (S.D. Fla. Nov. 28, 2023); *In re B&C KB Holding GmbH*, No. 23-mc-6, 2023 WL 5974634, at *7 (W.D. Wis. Sept. 14, 2023) (same). Respondents cannot predict on what grounds the Florida court's eventual decision may turn or what its scope may be, and any such decision would not be binding on this Court in any event.

As to judicial economy, the Florida court cannot rule on any aspect of UEFA's Application here, nor provide relief to either UEFA or Respondents in connection with this Application. This Court will have to rule on UEFA's Application under the law of this Circuit regardless of what the

Southern District of Florida decides or what law the Florida court applies. Respondents surely do not contend that, if the Florida court grants UEFA's application as to FIFA U.S., they will abandon any challenge to the Application before this Court or to the scope of the Subpoenas. Thus, no matter how the Florida court rules, this Court will still be required to act on UEFA's Application. A stay would therefore not conserve judicial resources; it would merely delay the exercise of them.

Respondents' concern about inconsistent rulings is likewise misplaced. The Florida discovery targets (FIFA U.S.) are entirely different from the discovery targets here (Maffei and BANN, Colorado residents), so there is no risk of conflicting obligations or inconsistent rulings. A stay would thus yield no offsetting benefit while injecting precisely the kind of undue delay that disserves at least one of the "twin aims" of § 1782—"providing efficient assistance to participants in international litigation." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004) (quotation omitted). Accordingly, deferring this Court's consideration of the pending Application serves no interest except delay.

Indeed, this is the conclusion that U.S. District Court Judge for the Southern District of New York Jeannette A. Vargas reached just days ago in denying a materially identical motion. In that action, JPMorgan moved to stay UEFA's parallel § 1782 application pending the same FIFA U.S. Application that Respondents invoke here, arguing that a stay "would advance judicial economy and reduce burdens on, and avoid inconsistent treatment of, parties against whom discovery is sought." Ex. A at 2. That New York court denied the motion. As to judicial economy, the court held it "will have to rule on [UEFA's] application, applying the law of this Circuit, whatever decision the court hearing the Florida application reaches," so "[a] stay would therefore not advance judicial economy." *Id.* As to inconsistent treatment, the court found no such risk

because the Florida discovery targets (FIFA U.S.) are "different parties [from] the discovery targets" before her court. *Id.* "Since neither of the alleged benefits of a stay survive[d] scrutiny," JPMorgan had "failed to meet their burden of establishing the need for a stay." *Id.* Respondents offer no reason this Court should reach a different result.

## II. <u>TO THE EXTENT THE COURT PERMITS PRE-RULING BRIEFING, ALL OBJECTIONS SHOULD BE CONSOLIDATED</u>

Section 1782 applications in this District are routinely decided *ex parte*, with objections reserved for a post-service motion to vacate or quash. *See* Order at 4, *In re* Ex Parte *Application of Britannic Assets Ltd.*, No. 22-mc-00189-NYW, Dkt. No. 4 (D. Colo. Oct. 22, 2022) (Wang, J.); *see also* Opp. to Mot. to Intervene at 9–10. Respondents claim to have a "real, direct, and immediate interest" in the outcome and warn that "the burden and adverse impact will be immediate and cannot be cured retroactively." Mot. at 11. But the harms they identify—document collection, privilege review, and deposition testimony—are the ordinary incidents of responding to any lawful subpoena, including a § 1782 subpoena. They do not constitute cognizable prejudice warranting special procedural treatment. In any event, as Respondents themselves acknowledge, Rule 45 affords them a mechanism to challenge the Subpoenas after they issue through the post-service compliance and objection process. *See* Mot. at 11.

To be clear, UEFA does not contend that Respondents should not have an opportunity to brief their objections. Its position is simply that any such briefing should proceed efficiently and in a manner consistent with the statutory framework—that is, after the Court resolves UEFA's Application and, if granted, the § 1782 subpoenas are served. Permitting successive rounds of overlapping motions practice—before and after the subpoenas are issued—would not only burden the Court and the parties but would also frustrate the very efficiency that § 1782 is designed to

promote. *See Intel Corp.*, 542 U.S. at 252. Requiring all objections to be raised in a single consolidated submission directly serves that interest.

Consolidation is not merely efficient—it reflects the structure of the § 1782 inquiry itself. The fourth discretionary *Intel* factor examines whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. That inquiry necessarily requires a respondent to engage with the specific discovery requests at issue, meaning that opposing the merits and opposing the discovery are not two separate exercises. *See In re Laggner*, No. 23-mc-00074-NYW, 2024 WL 1090049, at *2 (D. Colo. Feb. 2, 2024) (Wang, J.) (evaluating the fourth *Intel* factor by examining the specific discovery requests and concluding they were not unduly intrusive or burdensome, while noting that "to the extent [respondent] disagrees, he may seek relief from this Court once served with subpoenas"). Their bifurcation (or rather duplication) would not only be artificial but would also—like Respondents' request for a stay—undercut UEFA's right to an efficient process under § 1782. *See Salt Mobile S.A. v. Liberty Glob. Inc.*, No. 20-mc-00153-CMA, 2021 WL 2375864, at *1 (D. Colo. June 10, 2021) (quotation omitted).

UEFA acknowledges, however, that courts in its parallel § 1782 applications have set briefing schedules for the discovery targets in each action to object to the application—most recently, the Southern District of New York, which ordered JPMorgan to file its opposition to UEFA's application by October 15, 2026. *See* Ex. B. UEFA does not oppose the Court adopting a similar approach here, provided that the resulting briefing schedule promotes, rather than undermines, the efficient resolution of this proceeding.

To that end, the Court should require Respondents to consolidate all objections—both to the Application and to the Subpoenas—in a single submission. There is no reasonable justification

to do otherwise. UEFA proposed precisely this arrangement to Respondents before filing the instant opposition; Respondents declined, without explanation. Absent consolidation, Respondents would retain three separate procedural vehicles to challenge the same discovery at successive stages: the present motion; an opposition to the Application on the merits; and, if the application is granted, a motion to quash the Subpoenas after service. *See* Opp. to Mot. to Intervene at 10–11. That is not efficiency—it is delay by installment, precisely what § 1782 is designed to avoid. *See Intel Corp.*, 542 U.S. at 252. A single consolidated submission eliminates the opportunity for gamesmanship and delay while still giving Respondents a full and fair opportunity to raise every objection they wish to press—burden, proportionality, privilege, or otherwise.

## CONCLUSION

For the foregoing reasons, the Court should deny Respondents' request for a stay pending the Florida proceeding. To the extent the Court permits briefing on UEFA's Application, UEFA respectfully requests that the Court require all objections—including any challenges Respondents would otherwise raise in a motion to quash the Subpoenas—to be consolidated in a single submission, thereby avoiding piecemeal litigation and ensuring the efficient resolution of all disputes in this proceeding.

Dated: September 25, 2026

Respectfully submitted,

*/s/ Kathryn A. Reilly*

Frederick R. Yarger
Kathryn A. Reilly
Melissa L. Romero
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: yarger@wtotrial.com
reilly@wtotrial.com
romero@wtotrial.com

Andrew J. Levander
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: 212.698.3500
Email: andrew.levander@dechert.com

Christina G. Sarchio
Scott E. Lerner
Benedict S. Bernstein
Aimee C. Hwang
Dechert LLP
1900 K Street NW
Washington, DC 20006
Telephone: 202.261.3300
Email: christina.sarchio@dechert.com
scott.lerner@dechert.com
benedict.bernstein@dechert.com
aimee.hwang@dechert.com
Ariel D. Smith
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: 215.994.4000
Email: ariel.smith@dechert.com

*Attorneys for Petitioner Union des Associations Européennes de Football*

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Court's Standing Order Regarding the Use of Generative Artificial Intelligence in Court Filings, I certify that the undersigned attorneys were assisted in the drafting of the foregoing filing by various tools that use generative artificial intelligence and that any language and citations generated by such a tool was reviewed by an attorney to confirm its substance and accuracy before being made part of the foregoing filing.

Dated: September 25, 2026

Respectfully submitted,

*/s/ Kathryn A. Reilly*

Frederick R. Yarger
Kathryn A. Reilly
Melissa L. Romero
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: yarger@wtotrial.com
reilly@wtotrial.com
romero@wtotrial.com

Andrew J. Levander
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: 212.698.3500
Email: andrew.levander@dechert.com

Christina G. Sarchio
Scott E. Lerner
Benedict S. Bernstein
Aimee C. Hwang
Dechert LLP
1900 K Street NW
Washington, DC 20006
Telephone: 202.261.3300
Email: christina.sarchio@dechert.com
scott.lerner@dechert.com
benedict.bernstein@dechert.com
aimee.hwang@dechert.com
Ariel D. Smith
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: 215.994.4000
Email: ariel.smith@dechert.com

*Attorneys for Petitioner Union des Associations Européennes de Football*